## BLACK v LOEW'S INC

Ohio Appeals, 5th Dist, Stark Co

Decided Feb 11, 1932

E. L. Mills, Canton, and E. H. Cohen, Canton, for plaintiff in error.

Lynch, Day, Pontius & Lynch, Canton, for defendant in error.

SHERICK, PJ.

It is now asserted that special request No. 3 is not a correct statement of the law pertinent to the issue made, and that that portion of the general charge which repeats the language of the special request is likewise erroneous.

It is apparent that the charge, in view of the allegations of the petition, is at first blush incorrect in that it holds the defendant to be liable only in the case of actual knowledge, but the charge cannot alone be considered in view of the allegations of the petition, but it must be considered in conjunction with the proof made in this case, and it must be kept in mind that the abbreviated bill of exceptions in this suit does not contain all or any part of the proof made in this suit.

We recognize the law as it appears in the case of **Kresge Co. v Fader, 116 Oh St 718.** The court in this case, on page 723 says, that:

"Owners or lessees of stores, office buildings, banks, hotels, theatres, or other buildings, where the public is invited to come on

business or pleasure are not insurers against all forms of accident that may happen to any who come."

And such is the rule in the instant case. The allegations of the petition herein recite that a slippery substance was on the floor of the theatre. It is not stated, however, or admitted, that whatever was on the floor had been there for any specified time, and there being no proof in this case before this court on the allegations of the petition in respect to this phase of negligence, we are unable to be advised as to whether or not this substance might have been dropped upon the floor immediately before the plaintiff stepped thereon.

An instructive case is to be found in **Lowe v The Hippodrome Inn Co., 30 Oh Ap 520.** The court in that case held that there could be no recovery, when it was not proved that the defendant knew that the greasy substance was there or ought to have known it was there, or that sufficient time had elapsed to leave logical inference and deduction in law of knowledge that created liability. The court further held that one could not be liable for negligence unless he were guilty of something done or left undone, with knowledge, or what is legally tantamount to knowledge of the situation.

There being no record of the testimony included in the bill of exceptions, we are unable to be advised if the plaintiff made any proof of the fact alleged that the defendant in the exercise of ordinary care should have known of the dangerous condition existing on the floor.

It is the law that knowledge of an existing fact may be proved in two ways, first, by positive knowledge of the condition or thing, and second, that by reason of lapse of time or condition of the thing itself one is chargeable with knowledge.

We feel that this case is distinguishable from the authorities advanced by the plaintiff in error, in that the injury complained of was not received by an inherent defect in the premises or appliances used in connection with the operation of the theatre. As previously indicated, it is just as fair and reasonable a presumption that the substance slipped upon had only been on the floor a minute or so before the plaintiff slipped thereon. We do not know from the testimony in this case what that substance was, and as suggested in the Lowe case, supra, it might have been an expectoration of some previous patron, of which the defendant had no knowledge.

The presumption is that the action and charge of the trial court in this suit was correct and it is the duty of the plaintiff in error to set forth the record of the testimony, or so much hereof as is necessary to advise this court as a reviewing court of the facts upon which the error is predicated. We must assume from what is now before us that no proof was made on the charge that the defendant should have known of the dangerous condition existing, and if such was a fact and the case was tried upon the direct theory that the defendant had actual knowledge, then we see no reason in law why the court should have instructed the jury upon the matter of constructive knowledge. The plaintiff chose to base her case on positive knowledge and we cannot infer that the record was otherwise.

Plaintiff's counsel state no reason why a complete record is not before this court, but content themselves with saying that the abbreviated record is sufficient to show the errors complained of, and this they supplement in argument by declaration as to what the record does show. On the other hand, the defendant in error strenuously asserts the contrary. This court, as a reviewing court, has no right to consider matters outside the record, and we can only indulge the presumption that the court was warranted in the charge given in view of the fact that there was no evidence to charge the defendant with constructive knowledge of the substance upon the floor.

We have discussed the merits of the question raised in order that it may be apparent as to what prompts the court in the matter of its ruling on the motion interposed in this case, the motion being for a dismissal of the proceedings in error for the reason there being only an abbreviated bill of exceptions containing none of the evidence in this case, this court could not reverse this cause. This motion we believe to be well taken, for the reasons herein previously indicated.

The motion will therefore be sustained and the error proceedings dismissed. Exceptions noted.

LEMERT and MONTGOMERY, JJ, concur